IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JAYSON BART BOWEN,<br><br>    Plaintiff,<br><br>  v.<br><br>BRADLEY WILLIAM BOWEN,<br><br>    Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:16-cv-01062-DB-DBP<br><br>District Judge Dee Benson<br><br>Magistrate Judge Dustin B. Pead |

    This matter was referred to Magistrate Judge Dustin Pead by District Judge Dee Benson pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 5). On October 17, 2016, Plaintiff Jayson Bart Bowen filed his Complaint against Defendant Bradley William Bowen. (ECF No. 3.) The case is presently before the court on sua sponte review pursuant to 28 U.S.C. § 1915.

    "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). This statutory provision "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Jamison v. Costco Wholesale*, 280 F. App'x 738, 740 (10th Cir. 2008) (quoting *Denton v. Hernandez*, 504 U.S. 25 (1992)). "Examples of [claims that should be

dismissed] are [those] claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Neitzke* at 328.

Plaintiff's allegations are difficult to summarize because his Complaint consists largely of run-on sentences, sometimes spanning a half page or more. (*See generally* ECF No. 3). After discussing his skills as a composer, Plaintiff claims then-President of the United States, Barack Obama, visited Plaintiff at his Salt Lake City apartment at 4:37 a.m. on February 24, 2016. (*Id.* at 1–2). After making small talk, President Obama purportedly delivered two papers from the United States Supreme Court. (*Id.* at 3). The first paper allegedly granted Plaintiff a name change. The second allegedly stated: "Bowen vrs District of Columbia – amount $500,000,000." (*Id.*) Unfortunately, President Obama propped Plaintiff's door open as he left, which allowed "Bros. Bradley" to rush in, take the papers just discussed, and abscond with them. (*Id.*)

Plaintiff then claims President Obama visited him a second time at 2:00 p.m. on February 24, 2016, this time accompanied by a General of the Chinese Army.[1] (*Id.* at 4). As Plaintiff hugged the general, President Obama stated: "He says or said to tell you 'pardon my smell – I've been sleeping in a chicken coop.'" (*Id.*) Plaintiff's Complaint then discusses his family history, including his royal lineage and his desire to have a certain power of attorney abrogated. (*Id.* at 4–7). The eighth page of Plaintiff's Complaint contains no rational statement. (*See id.* at 8). The ninth page requests the court grant Plaintiff a name change and contains a signature block. (*Id.* at 9). The tenth and final page contains additional statements related to Plaintiff's royal lineage and

---

[1] In addition to the ordinary reasons the court might doubt a sitting U.S. President would make an unannounced and secret visit to a citizen's home with a foreign military general, President Obama signed the Judicial Redress Act Bill in the White House during a televised ceremony at 4:57 p.m. Eastern Standard Time (2:57 p.m. Mountain Standard Time). *See* Judicial Redress Act Bill Signing Ceremony, https://www.c-span.org/video/?405324-1/president-obama-bill-signing-ceremony (last visited Jan. 3, 2018).

musicianship, as well as an additional signature block. (*See id.* at 10). The court finds all allegations contained in the Complaint to be irrational or incredible. Accordingly, the court will recommend the District Court dismiss this action.

## **RECOMMENDATION**

Based on a review of Plaintiff's Complaint, the court **RECOMMENDS** the District Court **DISMISS** this case as frivolous under 28 U.S.C. §1915(e)(2)(B)(i). Plaintiff may not refile the claims asserted in his Complaint unless he pays the ordinary filing fee.

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object.  Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections.  *See* Fed. R. Civ. P. 72(b)(2).  Failure to object may constitute a waiver of objections upon subsequent review.

Dated this 5th day of January 2018.                By the Court:

_____
Dustin B. Pead
United States Magistrate Judge